UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/15/2015

DWAYNE BROWN,

         Plaintiff,

-against-

BROOKLYN INDUSTRIES LLC
and HUDSON 500 LLC,

         Defendants.

No. 13-CV-3695 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  After Plaintiff Dwayne Brown discontinued his claims in this disability rights action against Defendants Hudson 500 LLC ("Hudson") and Brooklyn Industries LLC ("Brooklyn"), Hudson moved to dismiss without prejudice its state-law indemnification cross-claim against Brooklyn, arguing that the Court should decline to exercise supplemental jurisdiction. Brooklyn opposes the motion on the basis that the cross-claim is preempted by federal law and should thus be dismissed with prejudice and, in the alternative, that the Court should exercise supplemental jurisdiction over the cross-claim. For the reasons that follow, Hudson's motion is GRANTED.

## BACKGROUND

  Hudson owns and leases a small retail store to Brooklyn. (*See* Evans Decl. at ¶ 5.) Plaintiff filed this action against Defendants on May 31, 2013, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and similar state and local laws. (Compl. at ¶ 1.) In its answer, Hudson brought a state law cross-claim against Brooklyn for indemnification under the terms of their lease. (Answer at ¶ 24.) By July 30, 2014, Plaintiff had discontinued this action against both Defendants, leaving only Hudson's cross-claim. After Defendants were unable

to resolve their dispute over the next several months, on January 9, 2015, Hudson moved to dismiss its cross-claim without prejudice, citing the absence of factors supporting the exercise of supplemental jurisdiction. In Hudson's view, this matter now belongs in state court. The Court agrees.

## DISCUSSION

The instant motion raises two questions: (1) whether Hudson's cross-claim against Brooklyn arises under federal law, and, if not, (2) whether the Court should exercise supplemental jurisdiction over the cross-claim, which is the only remaining claim in this action.

Federal jurisdiction in this action was originally premised on Plaintiff's claims under the ADA. (*See* Compl. ¶ 3.) These claims were dismissed in the early stages of the litigation, and the remaining cause of action is a straightforward indemnification claim under New York law concerning the terms of the lease between Hudson and Brooklyn. The cross-claim has no independent basis in federal law. Rather, "the only remaining connection to federal law is the fact that the ADA gave rise to [D]efendants' liability, which they now seek to partition amongst themselves." *Hirsch v. KLMNI, Inc.*, No. 10-CV-4851 (SAS), 2011 U.S. Dist. LEXIS 73905, at 4 (S.D.N.Y. July 7, 2011).[1]

Brooklyn contends, however, that the cross-claim should be adjudicated by a federal court—and dismissed with prejudice—because federal law preempts the state law claim for indemnification. This argument is unavailing. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not [assert federal jurisdiction] unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of*

---

[1] Brooklyn's citation to *Heinzl v. Quality Foods Corp.*, Civ. No. 14-1010, 2014 WL 6453894, at *9 (W.D. Pa. Nov. 17, 2014) is inapposite. In that case, federal jurisdiction was based on the plaintiff's ADA claim, which had not been dismissed.

2

*State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original). "A claim that federal law preempts all state law remedies is usually only a defense to the state law action," and, under the well-pleaded complaint rule, "a case generally may not be [adjudicated by a] federal court on that basis, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52–53 (2d Cir. 1998) (internal quotation marks omitted). It is only "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, [and thus] a complaint purporting to raise state law claims in that field actually raises federal claims." *Id.* at 53. Here, Brooklyn agrees that Hudson's claim is one arising under state law, Brooklyn itself characterizes its preemption claim as a defense to that state law claim, and Brooklyn makes no claim of field preemption by virtue of the ADA. (*See* Brooklyn Mem. 8–9.) There is thus no basis to find federal question jurisdiction.

Even assuming the preemption claim were properly before the Court, however, Brooklyn's sole authority in support of its argument is inapposite. Brooklyn points to *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597 (4th Cir. 2010), which held that a state law indemnification claim was preempted by virtue of being in conflict with the ADA. *Niles Bolton*, however, was confined to a claim arising between a landlord and an architectural consultant, not a landlord and a tenant. As the *Niles Bolton* court itself noted, 28 C.F.R. § 36.201(b) expressly permits the allocation of responsibility as between a landlord and tenant. *See* 602 F.3d 602, n. 1 (identifying the landlord-tenant exception as "unique" and inapplicable to "relationships between architects, builders, and other parties"); *see also Rolf Jensen & Assoc. v. Dist. Ct.*, 282 P.3d 743, 747 (Nev. 2012) (holding that state law indemnification claim by owner against architectural consultant

3

preempted because "*with the exception of landlord-tenant relationships* … there are no provisions within the ADA, or its accompanying regulations, that permit indemnification or the allocation of liability between the various entities subject to the ADA") (emphasis added).

Indeed, the relevant interpretative regulation promulgated by the Department of Justice has long made clear that indemnities between landlords and tenants do not run afoul of the ADA. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 833–34 (9th Cir. 2000) ("Of course, in the lease, [landlord] ABC could require [tenant] XYZ to indemnify it against all losses caused by XYZ's failure to comply with its obligations under the lease") (*quoting* Department of Justice, Technical Assistance Manual on the American With Disabilities Act § III–1.2000 (1994)). For that reason, it is not surprising that a New York appellate court recently upheld a landlord's state law indemnity claim against a tenant in the aftermath of federal ADA litigation with no mention of federal preemption. *See K.L.M.N.I., Inc. v. 483 Broadway Realty*, 117 A.D.3d 654, 655 (N.Y. 1st App. Dep't 2014) (noting that "the ADA expressly authorizes the allocation of responsibility between a landlord and a tenant of a place of public accommodation by lease or other contract") (internal quotation marks omitted).

Brooklyn's argument in favor of this Court's exercise of supplemental jurisdiction fares no better. A court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In making that determination, a court "balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise [supplemental] jurisdiction." *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal quotation marks and citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-

4

law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (*quoting Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  That is the case here.

Brooklyn argues that "this Court's familiarity with the particular, albeit limited, activity in this case makes it the appropriate forum for the final resolution," and that, "although there has not yet been discovery on Hudson's cross-claims, [they] have been pending for over a year." (Brooklyn Mem. at 9, 10.)  These circumstances, however, do not distinguish the instant case from "the usual case" described in *Valencia*.  The court in which a claim is first filed will always be familiar with its history even if, as here, litigation has not moved beyond its early stages.  The relevant inquiry, rather, is whether there has been an "investment of significant judicial resources." *Kolari*, 455 F.3d at 123.  There has been no such investment here because this case has not progressed beyond the pleading stage as a result of the parties' attempt to settle their dispute.  *See Hirsch*, 2011 U.S. Dist. LEXIS 73905, at 5–6 (declining to exercise supplemental jurisdiction over state law indemnity claim even though "the case was filed just over one year ago" because "the primary activity in the case thus far has been in the form of pleadings and settlement negotiations"). In such circumstances, "declining jurisdiction would not disserve judicial economy, convenience, or fairness." *Harris v. NYU Langone Med. Ctr.*, No. 12-CV-0454 (RA), 2014 WL 941821, at *2 (S.D.N.Y. Mar. 11, 2014) (declining to exercise supplemental jurisdiction where federal claims were dismissed prior to discovery); *see also Bertram v. Metro. Transp. Auth.*, No. 13-CV-0338 (RA), 2014 WL 748933, at *10 (S.D.N.Y. Feb. 26, 2014) (same).[2]

---

[2] Although a preemption defense does not create a federal question, "[o]ne factor that may sometimes favor retaining pendent [or supplemental] jurisdiction is when a state claim is closely tied to questions of federal policy and where the federal doctrine of preemption may be implicated." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966)).  To the extent that Brooklyn argues that any uncertainty about preemption here counsels in favor of the Court's exercising supplemental jurisdiction, this argument is without merit because, for the reasons stated above, there is no such uncertainty.  Even if there was such some doubt, however, the overall balance of factors here weighs against exercising supplemental jurisdiction for the reasons discussed herein.  *See also Baylis*, 843 F.2d at 665.

5

As the Court declines to exercise supplemental jurisdiction, a dismissal without prejudice is appropriate. Brooklyn's reliance on *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d. Cir. 1990) in support of a dismissal with prejudice is misplaced on this record. In particular, the Court cannot conclude that Hudson has failed to diligently bring this motion, that Hudson has been unduly vexatious, that the relevant suit has progressed too far, that Brooklyn would face duplicative litigation expenses, or that Hudson's basis for dismissal is inappropriate. In light of that conclusion, Brooklyn's request for attorney's fees is also denied. Such an award serves "generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). Courts, however, "have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000). Here, there has been no such showing and, in any event, concerns about duplicative expenses in any state action are minimized by the fact that whatever preparatory work has been undertaken in defending this action will be of use in that action.[3]

---

[3] The Court also refuses to order mediation between the parties. That is a matter best left to the discretion of the state court.

## CONCLUSION

For these reasons, Hudson's motion is GRANTED and the cross-claim is dismissed without prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 48 and to close this case.

SO ORDERED.

Dated:   April 15, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge